# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE JEROME ROBERTSON, | CASE NO. 1:03-CV-6070-REC-LJO-P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT DECKER'S MOTION TO DISMISS BE DENIED |
| v. | |
| LT. R. D. VANDT, et al., | (Doc. 65) |
| Defendants. | |

I.   Defendant Decker's Motion to Dismiss

   A.   Procedural History

Plaintiff Wayne Jerome Robertson ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint, filed August 8, 2003, against defendants Vandt, Aruizu, Walters, Vaughn, Gonzales, Farris, Smith, McDaniel, Lomonaco, Gabaldon, and Decker for violating the Eighth Amendment by acting with deliberate indifference to plaintiff's safety. On April 4, 2005, pursuant to Federal Rule of Civil Procedure 12(b)(6), defendant Decker ("defendant") filed a motion to dismiss for failure to state a claim upon which relief may be granted. (Doc. 65.) The basis of defendant's motion is that the claim against him is barred by the statute of limitations. Plaintiff filed an opposition to the motion on August 4, 2005, and defendant filed a reply on August 9, 2005. (Docs. 73, 75.)

///

///

1

1  B.  Legal Standard

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint." Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Id. at 514. Discovery and summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious claims." Id. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

C.  Discussion

The events at issue in this action allegedly occurred in 1993 and 1994. (Doc. 1, Comp.) Plaintiff alleges that he did not learn until 1998 that the yard fights between inmates that occurred in 1993 and 1994 were staged by the defendants in this action. (Id., p. 5.) Plaintiff alleges that he filed suit in 1999, but the suit was dismissed in 2000 as time barred, with prejudice. (Id.) Plaintiff alleges he appealed the dismissal and the Ninth Circuit ruled in his favor, directing the district court

///

to dismiss the case without prejudice so that plaintiff could exhaust. (Id.) Plaintiff alleges he exhausted and then filed the instant action. (Id.)

Defendant Decker argues that he is entitled to dismissal because plaintiff's claim is time barred. Defendant contends that plaintiff filed suit five years after his claims accrued in 1998, and that the statute should not be tolled in light of the enormous prejudice to defendant. (Doc. 65, Motion, 4:5-10.)

Federal law determines when a civil rights claim accrues. See Elliott v. City of Union City, 25 F.3d 800, 801-802 (9th Cir. 1994). Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir.1996). Because section 1983 contains no specific statute of limitations, federal courts should borrow state statues of limitations for personal injury actions in section 1983 suits. See Wilson v. Garcia, 471 U.S. 261, 276 (1985); Torres v. City of Santa Ana, 108 F.3d 224, 226 (9th Cir. 1997); Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir. 1991). At the time plaintiff's claims accrued, the applicable statute of limitations in California for section 1983 claims was one year. Cal. Civ. Proc. Code § 340(3); Abreu v. Ramirez, 284 F.Supp.2d 1250, 1255-1258 (C.D.Cal. Sept. 25, 2003) (Cal. Civ. Proc. § 335.1, extending the statute of limitations from one year to two years, does not apply to claims that accrued prior to January 1, 2003).

In actions where the federal court borrows the state statute of limitation, the court should also borrow all applicable provisions for tolling the limitations period found in state law. See Hardin v. Straub, 490 U.S. 536, 539 (1989). "The doctrine of equitable tolling focuses on the effect of the prior claim in warning the defendants in the subsequent claim of the need to prepare a defense." Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993). The rules for equitable tolling are borrowed from the forum state. Cervantes, 5 F.3d at 1275. "Under California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: '(1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith.'" Fink v. Shedler, 192 F.3d 911, 916 (9th Cir. 1999) (quoting Bacon v. City of Los Angeles, 843 F.2d 372, 374 (9th Cir. 1988)). The court is mindful that "California's fact-intensive test for equitable

3

tolling is more appropriately applied at the summary judgment or trial stage of litigation, " Cervantes, 5 F.3d at 1276, and that "'[w]hen a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" Id. at 1275 (quoting Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980)).

The Court of Appeals for the Ninth Circuit has noted that it has reversed cases in which "the applicability of the equitable tolling doctrine depended upon factual questions not clearly resolved in the pleadings," and cases in which "the factual and legal issues [were] not sufficiently clear to permit [the Court] to determine with certainty whether the doctrine could be successfully invoked." Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1207 (9th Cir. 1995). Based on the allegations set forth in plaintiff's complaint and the fact that the applicability of equitable tolling during the exhaustion phase is an unsettled area of the law, the court cannot find that "it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of [his] claim." Id.; see Clifford v. Gibbs, 298 F.3d 328, 332-33 (5th Cir. 2002) (limitations equitably tolled during pendency of 1983 action and any additional state administrative proceedings); Addison v. State of California, 578 P.2d 941, 943 (Cal. 1978) (limitations period suspended during administrative proceedings whenever exhaustion is a prerequisite to filing civil action). Additionally, the court cannot reach defendant's argument that he would be prejudiced by the application of equitable tolling because the issue goes beyond the pleading and is not appropriate for resolution on a motion to dismiss.

D.  Conclusion

Accordingly, it is HEREBY RECOMMENDED that:

1. Defendant Decker's motion to dismiss on the ground that plaintiff's claim against him is barred by the statute of limitation, filed April 4, 2005, be DENIED; and

2. Should this Findings and Recommendations be adopted in full, defendant Decker be ordered to file a response to plaintiff's complaint within thirty days from the date of the issuance of the district court's order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

1 **days** after being served with these Findings and Recommendations, the parties may file written
2 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
3 Findings and Recommendations."  The parties are advised that failure to file objections within the
4 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
5 1153 (9th Cir. 1991).

7 IT IS SO ORDERED.

8 **Dated:    August 22, 2005**            /s/ Lawrence J. O'Neill
b9ed48                          UNITED STATES MAGISTRATE JUDGE