UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE JEROME ROBERTSON, | CASE NO. 1:03-CV-6070-REC-LJO-P |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL |
| v. | (Doc. 78) |
| LT. R. D. VANDT, et al., | |
| Defendants. / | |

Plaintiff Wayne Jerome Robertson ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On October 3, 2005, plaintiff filed a motion to compel. Defendants did not file a response.

It appears that plaintiff's filing is a request for the production of documents directed at defendants rather than a motion for the court to compel defendants to respond to plaintiff's previously served discovery request. Discovery is to be conducted between the parties and does not involve the court unless a dispute arises and the court's intervention or assistance is needed. For that reason, discovery requests are to be served on the opposing parties and are not to be filed with the court <u>unless</u> there is a dispute pending before the court that requires the court to consider the discovery request.

To the extent that plaintiff's filing is intended to be a motion to compel a response to an earlier served discovery request, plaintiff's motion is incomplete. At a minimum, plaintiff's motion to compel must be accompanied by a copy of the discovery request at issue, including the certificate of service setting forth the date the request was served, and a copy of the opposing party's response

to the request, if any. In addition, prior to filing a motion to compel, plaintiff must make a good faith attempt to resolve the dispute with defendants' counsel and must include with the motion a certification that he did so.[1]

For the foregoing reasons, plaintiff's motion to compel, filed October 3, 2005, is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:   November 1, 2005**          /s/ Lawrence J. O'Neill
b9ed48                                    UNITED STATES MAGISTRATE JUDGE

---

[1] The discovery phase of this litigation closed on October 7, 2005, as between plaintiff and defendants Farris, Vaughn, Gabaldon, and Walters, and neither plaintiff nor defendants Farris, Vaughn, Gabaldon, and Walters filed a timely motion for an extension of the deadline. (Disc./Sched. Order, Doc. 67.)