# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE JEROME ROBERTSON, | CASE NO. 1:03-cv-06070-OWW-LJO PC |
| Plaintiff, | ORDER GRANTING DEFENDANTS' REQUESTS FOR CLARIFICATION, AND CLARIFYING THAT PRETRIAL DISPOSITIVE MOTION DEADLINE OF MARCH 8, 2007, APPLIES TO ALL PARTIES |
| v. | |
| LT. R. D. VANDT, et al., | |
| Defendants. | (Docs. 108 and 111) |
| | ORDER DENYING PLAINTIFF'S MOTION FOR A SETTLEMENT CONFERENCE, WITHOUT PREJUDICE |
| | (Doc. 112) |

Plaintiff Wayne Jerome Robertson ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint filed August 8, 2003, against defendants Decker, Farris, Walters, Vaughn, Gabaldon, Arvizu, Vanzandt, Lomonaco, and McDaniel for allegedly violating the Eighth Amendment by acting with deliberate indifference to plaintiff's safety.[1] On September 23, 2006, the court issued a status order, which stated in relevant part:

> Pursuant to the discovery and scheduling order filed on November 10, 2005, the deadline for defendant Decker to file a pretrial dispositive motion was September 14, 2006. Pursuant to the court's order, any request for an extension of a deadline must be filed on or before the expiration of the deadline. Defendant Decker neither filed a dispositive motion nor filed a motion seeking an extension of the deadline. Likewise, defendants Farris, Walters, Vaughn, and Gabaldon did not file a pretrial

---

[1] The other two defendants named in this action, Smith and Gonzales, were dismissed on January 27, 2005.

1

    dispositive motion by their deadline of December 7, 2005, and did not file a motion for an extension of time. There is third scheduling order in place for defendants Arvizu, Vanzandt, Lomonaco, and McDaniel, and the deadline for them to file a pretrial dispositive motion is March 8, 2007. It is unclear whether defendants Arvizu, Vanzandt, Lomonaco, and McDaniel plan to file a pretrial dispositive motion. Unless defendants Arvizu, Vanzandt, Lomonaco, and McDaniel notify the court that they do not intend to do so and are ready for this matter to be set for jury trial, trial will not be set until the expiration of their motion deadline on March 8, 2007, and resolution of their motion, if one is filed.

    In the event that the parties believe a settlement conference might be beneficial in resolving this case, the parties shall notify the court within thirty days whether they would like the court to set a settlement conference in this matter. The court will set a settlement conference before a Magistrate Judge only if plaintiff <u>and</u> one or more of the defendants desire one.

(Doc. 107, 1:20-2:10.)

On October 20, 2006, defendant Decker filed a response requesting that a settlement conference not be set at this time and the court clarify that all defendants have until March 8, 2007, within which to file a dispositive motion. (Doc. 109.) On October 23, 2006, defendants Farris, Walters, Vaughn, Gabaldon, Arvizu, Vanzandt, Lomonaco, and McDaniel filed a response stating that they do not seek a settlement conference at this time and that defendants Farris, Walters, Vaughn, and Gabaldon intend to move for leave to file a motion for summary judgment at the same time as defendants Arvizu, Vanzandt, Lomonaco, and McDaniel. (Doc. 110.) On November 8, 2006, defendants Farris, Walters, Vaughn, and Gabaldon filed a supplemental response stating that upon further review, it is unnecessary for them to seek leave to file a motion for summary judgment and requesting that the court clarify and confirm that March 8, 2007, is the motion deadline for all defendants. (Doc. 111.) Finally, on November 14, 2006, plaintiff filed a request for a settlement conference, and an objection to defendants Farris, Walters, Vaughn, Gabaldon, Arvizu, Vanzandt, Lomonaco, and McDaniel's status report. (Docs. 112, 113.)

Three scheduling orders have been issued in this action. The first scheduling order was issued on April 6, 2005, after defendants Farris, Walters, Vaughn, and Gabaldon answered the complaint, the second scheduling order was issued on November 10, 2005, after defendant Decker answered the complaint, and the third scheduling order was issued on July 3, 2006, after defendants Arvizu, Vanzandt, Lomonaco, and McDaniel answered the complaint. (Docs. 67, 86, and 106.) It was the intention of the court that each scheduling order apply only to plaintiff and the specifically

identified defendants who filed the answer triggering the issuance of the scheduling order. However, the orders were not clear on the matter and the court finds it defendants' interpretation that each subsequently issued scheduling order applied to all parties to be reasonable. Although plaintiff's objection is noted, the court finds that there is good cause to grant the request and adopt defendants' interpretation. Plaintiff has made no showing of prejudice and the court cannot discern any, as extending the deadline to all defendants will not cause any additional delays. Therefore, defendants' requests for clarification on this matter are granted and the pretrial dispositive motion deadline of March 8, 2007, shall apply to plaintiff and to all defendants in this action.

Plaintiff's request for a settlement conference is denied. As explained by the court, a settlement conference will be set only if plaintiff and one or more defendants request one.

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' requests for clarification, filed October 20, 2006, and November 8, 2006, are GRANTED;

2. The pretrial dispositive motion deadline of March 8, 2007, shall apply to all parties; and

3. Plaintiff's motion for a settlement conference, filed November 14, 2006, is DENIED, without prejudice.

IT IS SO ORDERED.

**Dated:   February 1, 2007**                 **/s/ Lawrence J. O'Neill**
b9ed48                                         UNITED STATES MAGISTRATE JUDGE