# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

WAYNE JEROME ROBERTSON,

               Plaintiff,

   v.

LT. R. D. VANDT, et al.,

               Defendants.

_____/

CASE NO. 1:03-cv-06070-OWW-LJO PC

ORDER GRANTING DEFENDANTS'
MOTION TO COMPEL PLAINTIFF'S
DEPOSITION BY VIDEOCONFERENCE,
AND TO MODIFY THE SCHEDULING
ORDER TO ALLOW DEFENDANTS TO
DEPOSE PLAINTIFF ON OR BEFORE
FEBRUARY 28, 2007

(Doc. 115)

The deadline for the completion of all discovery in this action was January 8, 2007.  On that date, defendants Farris, Walters, Vaughn, Gabaldon, Arvizu, Vanzandt, Lomonaco, and McDaniel filed a motion seeking to compel plaintiff's deposition by videoconference and to modify the scheduling order to allow the parties to complete discovery.  (Doc. 115.)  Defendant Decker filed a statement of non-opposition on January 19, 2007, and plaintiff filed an opposition on January 22, 2007.  (Docs. 119, 120.)

Defendants seeks to depose plaintiff by telephonic videoconference due to the six-hour drive time between counsel and the prison plaintiff is housed at.  (Doc. 15, Steele Dec., ¶3.)  Although the deposition would be conducted by videoconference, a permanent videotaped record of the deposition would not be created.  (Id., ¶5.)

Plaintiff states that he does not oppose being deposed in person, but is unwilling to submit to a deposition by videoconference.  Plaintiff contends that defendants' counsel is trying to gain special privileges and he has a right not to be on camera, or subject to audio or visual recording.

1

Plaintiff contends that he has been incarcerated for thirty years, is unfamiliar with today's technology, and is wondering why counsel is so determined to depose him by videoconference.

Pursuant to Rule 30(b)(7), "the court may upon motion order that a deposition be taken by telephone or other remote electronic means." Fed. R. Civ. P. 30(b)(7). Plaintiff does not have a legal right to demand that his deposition be conducted by defendants in person. It is plaintiff who filed this action and hailed defendants into court, and plaintiff is required to make himself available for a deposition. Given that it is defendants' deposition, if they wish to conduct it by videoconference, they may do so. Plaintiff will be able to see his questioner and his questioner will be able to see him, and no permanent videotape of the proceeding will be kept. Because plaintiff has tendered no legally recognizable objection for his opposition to the deposition via videoconference, defendants' motion is granted.

Plaintiff is warned that his failure to appear at and/or cooperate during his deposition is grounds for the imposition of sanctions, up to and including dismissal of this action. Although plaintiff cites to Title 15 regulations for the proposition that he has a right to avoid being on camera or recorded, this is a legal proceeding, not a media or other type of visit or event.[1] Plaintiff filed a federal civil rights action in federal court and the Federal Rules of Civil Procedure allow for depositions by telephone or other electronic means. Thus, the invocation of Title 15 regulations will not shield plaintiff from the legal consequences of his actions if he fails to appear at or cooperate during his deposition.

In light of this order and the fact that the deposition was timely noticed for December 15, 2006, good cause exists to modify the scheduling order to allow defendants to depose plaintiff.[2] Fed. R. Civ. P. 16(b). Defendants seek an extension of time to February 16, 2007. However, given

///

---

[1] See Cal. Code Regs., tit. 15 § 3261.7, addressing cameras and other audio or visual recording devices in Article 1, Public Information and Community Relations.

[2] As set forth in a separate order, issued concurrently with this order, the discovery deadline has also been modified to allow defendants additional time to serve a discovery response and to allow plaintiff to re-file one motion to compel and, after receipt of defendants' discovery response, move to compel if necessary.

today's date and the fact that defendants must notice plaintiff's deposition at least fourteen days in advance, the court will extend the deadline to February 28, 2007.

Based on the foregoing, it is HEREBY ORDERED that:

1.   Defendants' motion for an order allowing them to depose plaintiff by videoconference, filed January 8, 2007, is GRANTED;

2.   Defendants' motion to modify the scheduling order to allow them to depose plaintiff, filed January 8, 2007, is GRANTED, and the deadline to depose plaintiff is extended to February 28, 2007; and

3.   Plaintiff's failure to appear at and/or cooperate during his deposition is grounds for the imposition of sanctions, up to and including dismissal of this action.

IT IS SO ORDERED.

**Dated:    February 1, 2007**                       **/s/ Lawrence J. O'Neill**
b9ed48                                                UNITED STATES MAGISTRATE JUDGE

3